**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TYANNA QUALLS, | ) |
| on behalf of plaintiff and the | ) |
| class members described below, | ) |
| and PEOPLE OF THE STATE OF | ) |
| ILLINOIS EX REL TYANNA QUALLS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| MIDWEST RECOVERY SYSTEMS, LLC; | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiffs Tyanna Qualls and People of the State of Illinois ex rel. Tyanna Qualls bring this action to secure redress from unlawful  credit and collection practices engaged in by defendant Midwest Recovery Systems, LLC.

2.      Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act,  225 ILCS 425/1 et seq. ("ICAA").

3.      The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

5.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the

1

use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

6. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

7. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

8. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

9. The ICAA reflects a determination that "The  practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

## JURISDICTION AND VENUE

10. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA),  28  U.S.C. §1331, 28 U.S.C. §1337  and 28 U.S.C. §1367.

11. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

        b.     Defendant does or transacts business within this District.

## PARTIES

12.     Plaintiff is a resident of the Northern District of Illinois.

13.     Defendant Midwest Recovery Systems, LLC is a limited liability company chartered under Missouri law with its principal office at 2747 West Clay St., St. Charles, MO 63301. Its registered agent and office is Brandon Tumber at that address.

14.     Defendant operates a collection agency.

15.     Defendant has a web site (http://www.mrs-direct.com/accounts-receivable.html) on which it states: "Midwest Recovery Systems can help you build an effective, reliable collection strategy that will help boost your cash flow and alleviate any concerns regarding the process. With over 20 years of experience in the industry our management staff has a commitment to set the industry standard for liquidation rates, and maximize recovery. With the collection strategy we have in place, you can devote your time to other key elements important to the ongoing success of your business. We will handle everything from letter series, to skiptracing and locating consumer information. Efficiency is everything in this industry. At Midwest Recovery Systems, we take those extra steps to maintain our client and consumer satisfaction, without jeopardizing productivity."

16.     Defendant has never had a collection agency license from the state of Illinois. (Exhibit A) (An unrelated entity with an address in Schaumburg, Illinois had its license revoked 14 years ago.) Missouri does not license collection agencies.

17.     Defendant uses the mails and interstate wire communications to collect consumer debts allegedly owed to others.

18.     Defendant is a debt collector as defined by the FDCPA.

### FACTS

19.    Defendant has been attempting to collect from plaintiff a high-interest Internet loan at more than 300% interest allegedly owed to "JD Marketing."

20.    Plaintiff is unaware whether defendant actually has an interest in any such loan.

21.    To compel plaintiff to pay such alleged loan, defendant has been reporting it to at least two of the major credit bureaus.

22.    Defendant has been reporting the debt as if the default occurred in late 2011 or early 2012.

23.    This is substantially later than plaintiff's actual nonpayment of the loan, which was in 2010.

24.    Under 15 U.S.C. §1681c(a), "Requirements relating to information contained in consumer reports," "no consumer reporting agency may make any consumer report containing any of the following items of information: . . . (4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years."   Under 15 U.S.C. §1681c(c)(1), "Running of reporting period," the "7-year period referred to in paragraphs (4) and (6) of subsection (a) of this section shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action."

25.    Reporting a debt to a credit bureau is "a powerful tool designed, in part, to wrench compliance with payment terms. . . ." *Rivera v. Bank One,* 145 F.R.D. 614, 623 (D.P.R. 1993).

26.    By reporting debts with a later date of default than the true date of default, defendant can use credit reporting to extract payment for a longer period than would otherwise be the case.

27.    Had an accurate date been reported to the credit bureaus by defendant, the alleged

4

debt would either have already come off plaintiff's report or be about to come off.

28.     "JD Marketing" is an organization which is not now and has never been licensed by the Illinois Department of Financial and Professional Regulation to make loans to Illinois residents at more than 9% interest.

29.     "JD Marketing" also does not have a state or federal bank or credit union charter.

30.     "JD Marketing" advertises and makes loans to Illinois residents at rates greatly exceeding 9%.

31.     Defendant engages in a practice of attempting to collect high-interest loans (greatly in excess of 9%) obtained by Illinois residents over the Internet from unlicensed lenders, including but not limited to "JD Marketing."

32.     The lenders sought out Illinois residents for such loans.

33.     The lenders were never licensed to make loans by the Illinois Department of Financial and Professional Regulation.

34.     The lenders did not have a bank or credit union charter that would authorize them to lend to Illinois residents at over 9%.

35.     All loans made by the lenders were made at an annual percentage rate exceeding the 9% which a non-bank lender which does not have a license from the Illinois Department of Financial and Professional Regulation may charge for a loan made to an Illinois resident.

36.     All loans made by the lenders were made at more than 20% interest and violated the Illinois criminal usury statute, 720 ILCS 5/17-59 (formerly 720 ILCS 5/39-1 et seq).

37.     All such loans were unlawful and unenforceable.

38.     Defendant knew or recklessly disregarded the fact that the loans they were attempting to collect were unenforceable.

39.     The Consumer Financial Protection Bureau and state law enforcement agencies have also brought proceedings involving the making of high-interest loans over the Internet by lenders not licensed to make loans in the states where the borrowers are located. *Consumer*

*Financial Protection Bureau v. CashCall, Inc.*, 15cv7522, 2016 WL 4820635 (C.D. Cal. August 31, 2016); *CashCall, Inc. v. Maryland Comm'r of Fin. Regulation*, 139 A.3d 990, 995 n.12 (Md. 2016); *Colorado v. Western Sky Fin., L.L.C.*, 845 F. Supp. 2d 1178, 1181 (D. Colo. 2011); *Western Sky Financial, LLC v. State ex rel. Olens,* 300 Ga. 340, 793 S.E.2d 357 (2016).

40.    Any inquiry into the legality of collecting 300%+ loans made to Illinois residents over the Internet would have disclosed to defendants that they were violating the law.

## COUNT I – FDCPA – ILLEGAL LOANS

41.    Plaintiff Tyanna Qualls incorporates paragraphs 1-40.

42.    Defendants violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1) by attempting to collect illegal payday loans and reporting such debts to credit bureaus as valid debts.

43.    Section 1692e provides:

> **§ 1692e.      False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)      The false representation of--**
>
> **(A)      the character, amount, or legal status of any debt; . . .**
>
> **(5)      The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(10)      The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

44.    Section 1692f provides:

> **§ 1692f.      Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

6

      **(1)     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

## CLASS ALLEGATIONS

45.     Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

46.     The class consists of (a) all individuals with Illinois addresses (b) from whom Midwest Recovery Systems, LLC sought to collect a loan made at more than 9% interest (c) by an entity which did not possess a bank or credit union charter and was not licensed by the Illinois Department of Financial and Professional Regulation (d) by communicating with the consumer and/or credit reporting (e) where any such activity occurred on or after a date one year prior to the filing of this action.

47.     The class is so numerous that joinder of all members is not practicable.  On information and belief, there are at least 40 class members.

48.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are whether defendants engage in a practice of attempting to collect illegal debts.

49.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

50.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

51.     A class action is superior for the fair and efficient adjudication of this matter, in that:

     a.     Individual actions are not economically feasible.

     b.     Members of the class are likely to be unaware of their rights;

     c.     Congress intended class actions to be the principal enforcement

7

mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

    i.    Statutory damages;

    ii.    Actual damages including all amounts collected by defendant from members of the class;

    iii.    Attorney's fees, litigation expenses and costs of suit;

    iv.    Such other and further relief as the Court deems proper.

### COUNT II – FDCPA – CREDIT REPORTING

52. Plaintiff Tyanna Qualls incorporates paragraphs 1-40.

53. Defendant violated 15 U.S.C. §§1692e, 1692e(2), 1692e(8), and 1692e(10) by reporting debts to credit bureaus with later dates of first delinquency than is in fact true.

54. Section 1692e provides:

**§ 1692e.    False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)    The false representation of--**

**(A)    the character, amount, or legal status of any debt; . . .**

**(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

**(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

### CLASS ALLEGATIONS

55. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and

23(b)(3).

56.     The class consists of (a) all individuals (b) whose debts were reported to one or more credit bureaus by Midwest Recovery Systems, LLC (c) where Midwest Recovery Services, LLC used a date of first delinquency later than the date which it can substantiate (d) where the "tradeline" was on the consumer's credit report on or after a date one year prior to the filing of this action.

57.     The class is so numerous that joinder of all members is not practicable.   On information and belief, there are at least 40 class members.

58.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are whether defendants engage in a practice of attempting to collect illegal debts.

59.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

60.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

61.     A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.      Individual actions are not economically feasible.

      b.      Members of the class are likely to be unaware of their rights;

      c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

      i.      Statutory damages;

      ii.      Attorney's fees, litigation expenses and costs of suit;

9

      iii.      Such other and further relief as the Court deems proper.

## COUNT III  – ILLINOIS COLLECTION AGENCY ACT

62.      Plaintiff People of the State of Illinois ex rel. Tyanna Qualls incorporates

paragraphs 1-40.

63.      Defendant is a "collection agency" as defined in the Illinois Collection Agency

Act, 225 ILCS 425/1 et seq.

64.      Defendant violated 225 ILCS 425/4 by collecting in Illinois without a license.

65.      Section 425/4 provides:

**Sec. 4.  No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others, have a sales office, a client, or solicit a client in this State, exercise the right to collect, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no collection agency shall be required to be licensed or maintain an established business address in this State if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois.**

66.      225 ILCS 425/14a provides:

**Sec. 14a.  The practice as a collection agency by any entity not holding a valid and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare. The Director, the Attorney General, the State's Attorney of any county in the State, or any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice. Upon the filing of a verified petition in such court, the court, if satisfied by affidavit or otherwise that such entity has been engaged in such practice without a valid and current license, may enter a temporary restraining order without notice or bond, enjoining the defendant from such further practice. Only the showing of nonlicensure, by affidavit or otherwise, is necessary in order for a temporary injunction to issue. A copy of the verified complaint shall be served upon the defendant and the proceedings shall thereafter be conducted as in other civil cases except as modified by this Section. If it is established that the defendant has been or is engaged in such unlawful practice, the court may enter an order or judgment perpetually enjoining the defendant from further practice. In all proceedings hereunder, the court, in its discretion, may apportion the costs among the parties**

**interested in the action, including cost of filing the complaint, service of process, witness fees and expenses, court reporter charges and reasonable attorneys' fees. In case of violation of any injunctive order entered under the provisions of this Section, the court may summarily try and punish the offender for contempt of court. Such injunction proceedings shall be in addition to, and not in lieu of, all penalties and other remedies provided in this Act.**

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of

plaintiff and against defendant:

i.      An injunction restraining defendant from attempting to collect

        debts from Illinois residents, by any means;

ii.     Attorney's fees, litigation expenses and costs of suit;

iii.    Such other of further relief as the Court deems proper.



                        s/Daniel A. Edelman
                        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


<u>s/Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\33960\Pleading\Complaint_Pleading.WPD

12