IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TYANNA QUALLS, | ) | |
| on behalf of plaintiff and the | ) | |
| class members described below, | ) | 17-CV-4237 |
| and PEOPLE OF THE STATE OF | ) | |
| ILLINOIS EX REL TYANNA QUALLS, | ) | |
| | ) | Judge Joan H. Lefkow |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MIDWEST RECOVERY SYSTEMS, LLC; | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT MOTION FOR PRELIMINARY APPROVAL

Plaintiff, Tyanna Qualls ("Qualls"), individually, and on behalf of the class of persons defined below in Paragraph 3(a) ("Class"), and Defendant, Midwest Recovery Systems, LLC ("Midwest"), request that this Court enter an order which: (i) preliminarily approves the Class Settlement Agreement ("Agreement") attached as Appendix A; (ii) sets dates for Class Members to object, (iii) schedules a hearing for final approval of the Agreement; (iv) approves the mailing of notice to the Class in the form of Exhibit 1 to Appendix A, and (v) finds that the mailing of such notice satisfies due process. A copy of the proposed preliminary approval order is attached as Exhibit 2 to Appendix A.

1. Qualls, individually and on behalf of a class, filed a lawsuit in the United States District Court for the Northern District of Illinois, entitled *Tyanna Qualls, on behalf of plaintiff and the class members described below, and People of The State of Illinois Ex Rel Tyanna Qualls v. Midwest Recovery Systems, LLC* Case No. 17-CV-4237 ("the Litigation").

2. Plaintiff alleged that Midwest attempted to collect high interest loans on behalf of a lender which was not licensed by the State of Illinois to make high-interest loans. Plaintiff claimed that Midwest's collection efforts, either through letter or credit reporting, violated the the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692f and 1692f(1), and the Illinois Collection Agency Act 225 ("ICAA") ILCS 425/4.

3. After arms-length discussion, the Parties reached a settlement to resolve the Litigation. Defendant denies violating the FDCPA and ICAA and denies all liability to Plaintiff and the Class. Defendant wishes to settle Plaintiff's claims solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims that have been or could have been asserted by Plaintiff and the Class against Defendant. Counsel for the Parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals.

4. Based upon counsel's review and analysis, the Parties have entered into the Agreement to settle and compromise the Litigation on the terms and conditions embodied in the Agreement and agree as follows:

5. The Parties agree to settle on behalf of the following class:

    a. <u>Class</u>.

        (1) (a) all individuals with Illinois addresses (b) from whom Defendant sought to collect a loan (c) by communication with the individual

and/or a credit bureau (d) where any such activity occurred on or after June 5, 2016.

(2) Subclass: All individuals in the above class who paid money to Defendant.

There are 594 persons in the main class and 567 persons in the sub-class.

a. <u>Relief to Plaintiff</u>. Plaintiff will be paid $1,000.00 from the fund described in paragraph c. for her statutory damages and as an incentive award for her services to the Class;

b. <u>Class Recovery</u>. Defendant shall create a class settlement fund of $21,500.00, which after deduction of $1,000 for Plaintiff's recovery, will be distributed as follows: (1) $15,045 (plus any accrued interest) will be refunded directly to all 567 subclass members, whose class notice was not returned as undeliverable, and who do not opt-out of the Class, which payment will be based upon the amount they paid to Defendant according to Defendant's records; (2) $5,455 will be distributed to all Class members who submit a claim form. Assuming a ten percent claims rate, which based on Plaintiff's counsel's experience is likely, each class member is expected to recover approximately $92.00 Any uncashed checks will be distributed to the LAF f/k/a the Legal Assistance Foundation of Metropolitan Chicago on a *cy pres* basis.

c. <u>Attorneys' Fees and Costs</u>. Counsel for Plaintiff and the Class shall petition the Court for approval of attorneys' fees and costs not to exceed $17,000.00. Defendant shall pay counsel for Plaintiff and the Class that amount which the Court deems reasonable not to exceed $17,000.00.

d. <u>Administration Costs</u>. Defendant will pay the costs of administering the Settlement.

6. <u>Class Notice</u>. Within 30 days of entry of the Preliminary Approval Order, Defendant shall through the Settlement Administrator cause notice, in the form of <u>Exhibit 1</u>, to be sent to the last known addresses of the Class Members. Class Members shall have 45 days from the mailing of the notices to return a claim form, opt-out or object to the settlement. Before sending the class list to the Settlement Administrator, Midwest shall identify the names and addresses of putative class members on the basis of Defendant's records produced during discovery. The Settlement Administrator shall distribute the notice via any form of U.S. Mail

providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Settlement Administrator shall cause to be forwarded any such returned notice to the address provided within four days of receipt.

7. The FDCPA caps a class's recovery for statutory damages at the lesser of 1% of the debt collector's net worth or $500,000. 15 U.S.C. §1692k(a)(B). Based upon the financial information Defendant provided to Plaintiff's counsel and the nature of the claims alleged, they believe that the Agreement is fair and reasonable, would be in the best interest of the Class, and should be approved by the Court. Defendant disputes that any payments made by Class Members constitute actual damages or were caused by the alleged FDCPA violation at issue. Each class member who returns a claim form will receive a pro rata share of $5,455.00. Based on class counsel's experience, class counsel expects that approximately ten percent of the 594 class members will submit claim forms resulting in a recovery of $92 per class member. The 567 class members who paid shall receive a refund totaling $15,045 in addition to their pro rata share.

8. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings, in this or any other litigation, or in any manner whatsoever.

9. The settlement in this case complies with case law from the Seventh Circuit concerning class action awards, and is consistent with the principles set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. RadioShack Corp.*, 768 F.3d 622, (7th Cir. 2014) and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). The award to the Class is

distinct and separate from the attorneys' fees in this case. The FDCPA is a fee shifting statute and the fees being awarded to the class would not come from a class fund but rather by payment directly from Defendant, pursuant to the fee shifting provision of the FDCPA as set out in Section 1692k(a)(3). Thus, the size of the attorneys' fees award does not affect the award to the class, unlike cases such as *Pearson*, *Redman* and *Eubank* where payment of the attorneys' fees affected the total payment to the class.

10. Unlike *Pella*, 753 F.3d at 722, 723-724, there is no conflict of interest here between the named Plaintiff and the Class, for reasons including that the Plaintiff shares no prior professional, financial, personal, or familial relationship with Class Counsel. And unlike *Pella*, 753 F.3d at 724, there is no conflict of interest between Class Counsel and the Class. The Agreement does not provide for the payment of attorney's fees to Class Counsel prior to the notice being sent to the class. *Id*. In addition, unlike *RadioShack*, the instant settlement does not involve coupons. *RadioShack*, 768 F.3d at 635-637. Here, there is no difficulty valuing the settlement. The settlement contemplates statutory damages of $5,455.00, distributed equally to all 594 Class Members. Additionally, the 567 class members who made a payment to Midwest shall receive an amount equivalent to the amount paid.

11. The Parties further submit that the class notice gives fair notice to the class, the terms of the settlement, and the ways in which Class Members can object to the settlement, thus satisfying the requirements of Fed.R.Civ.P.23, and of due process.

12. Class Counsel shall file their fee petition within thirty (30) days after the initial mailing of class notice.

13. <u>Schedule for Class Notice and Objections:</u> The Parties request that the Court set the following schedule for the proposed Agreement:

      a.    Class Notice (<u>Exhibit 1</u> to <u>Appendix A</u>) is to be mailed within 30 days of entry of the Preliminary Approval Order;

      b.    Class members shall have until 45 days after the notices are mailed to opt out, object or return a claim form;

      c.    A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by counsel for the Class will be held before this Court on a date no later than (90) days after the date that notices are mailed.

14.    In the event that there is any conflict between any provision of this Motion and the Settlement Agreement between the Parties, the Parties intend for the Agreement to control, subject to Court approval.

WHEREFORE, the Parties respectfully request that the Court enter an order in the form of <u>Exhibit 2</u> to the Agreement, which (a) preliminarily approves this Agreement; (b) schedules a hearing for final approval of this Agreement; (c) approves <u>Exhibits 1</u> to the Agreement as notice to the Class to be directed to the last known address of the class members as shown on Defendant's records, (d) sets a date for Class Members to object, and (e) schedules a hearing for final approval under FED. R. CIV. P. 23(c)(2).

|  | Respectfully submitted, |
|---|---|
| /s/ Francis R. Greene | /s/ Michael M. Godsy |
| One of the attorneys for Tyanna Qualls<br><br>Daniel A. Edelman<br>Cathleen M. Combs<br>James O. Latturner<br>Francis R. Greene<br>Isabella M. Janusz<br>Edelman, Combs, Latturner & Goodwin, LLC<br>20 South Clark Street, Suite 1500<br>Chicago, IL  60603 | One of the attorneys for Midwest Recovery Systems, LLC<br><br>Scott D. Levine<br>Michael M. Godsy<br>AEGIS Law<br>601 S. Lindbergh Blvd.<br>Frontenac, MO 63131 |

301726649v1 0990492

| | |
|---|---|
| Telephone: 312-739-4200<br>Facsimile: (312) 419-0379<br>dedelman@edcombs.com<br>fgreene@edcombs.com | |

301726649v1 0990492

## **CERTIFICATE OF SERVICE**

      I, Francis R. Greene, hereby certify that on June 8, 2018, I caused to be filed the foregoing document with the Clerk of the Court using the CM/ECF System which sent notification to all counsel of record

                                                    /s/ Francis R. Greene_____
                                                    Francis R. Greene

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
Isabella M. Janusz
Edelman, Combs, Latturner & Goodwin, LLC
20 South Clark Street, Suite 1500
Chicago, IL  60603
Telephone: 312-739-4200
Facsimile: (312) 419-0379
dedelman@edcombs.com
fgreene@edcombs.com

301726649v1 0990492