**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TYANNA QUALLS, ) | |
| on behalf of plaintiff and the ) | |
| class members described below, ) | 17-CV-4237 |
| and PEOPLE OF THE STATE OF ) | |
| ILLINOIS EX REL TYANNA QUALLS, ) | |
| ) | Judge Joan H. Lefkow |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| MIDWEST RECOVERY SYSTEMS, LLC; ) | |
| ) | |
| Defendant. ) | |

## CLASS ACTION SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Class Action Settlement Agreement and General Release (the "Agreement") is hereby entered into by and among the Representative Plaintiff, Tyanna Qualls (the "Plaintiff" or "Representative Plaintiff"), on behalf of herself and all other Class Members (as defined hereinbelow) by and through Class Counsel Daniel A. Edelman, Cathleen M. Combs, and Isabella M. Janusz, and Defendant Midwest Recovery Systems, LLC (collectively, the "Parties"), in full and final settlement of the civil action captioned *Tyanna Qualls* et al. *v. Midwest Recovery Systems, LLC,* Case No. 1:17-cv-04237, in the U.S. District Court for the Northern District of Illinois, Eastern Division (the "Lawsuit").

## RECITALS

WHEREAS, on June 5, 2017, Representative Plaintiff filed the Lawsuit on her own behalf and on behalf of the Class (defined hereinbelow) alleging *inter alia* claims against based upon the Fair Debt Collection Practices Act, 15 U.S.C. § 692 *et seq.*; and

WHEREAS, Plaintiff filed a claim in the Lawsuit on behalf of the People of the State of Illinois based on the Illinois Collection Agency Act, 225 ILCS § 425/1 *et seq.*; and

WHEREAS, Defendant denies any allegation of liability arising out of the claims in the Lawsuit; and

WHEREAS, the Parties have agreed that in view of the costs, risks and delays of continued litigation and appeals balanced against the benefits of the settlement to the Class Members and Defendant, it is to their mutual benefit to settle and resolve their outstanding differences regarding the claims and defenses asserted in, and relating to the subject matter of, the Lawsuit;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties that, subject to the jurisdiction and approval of the Court and affirmation on any appeals, the Lawsuit shall be finally and fully resolved under the following terms and conditions.

## **DEFINITIONS**

In addition to terms defined elsewhere in this Agreement, the following terms shall have the following definitions in this Agreement:

"Classes" means the class and subclass consisting of:

(a) all individuals with Illinois addresses (b) from whom Defendant sought to collect a loan (d) by communication with the individual and/or a credit bureau (e) where any such activity occurred on or after June 5, 2016.
(b) Subclass: All individuals in the above class who paid money to Defendant.

"Class" expressly excludes all Persons who, in accordance with the terms of this Agreement, execute a timely request for exclusion ("Opt Out") from either or both Classes.

"Class Counsel" means Daniel A. Edelman, Esq., Cathleen M. Combs, Esq., Francis R. Greene, Esq., Isabella M. Janusz, Esq., and the law firm of Edelman, Combs, Latturner & Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, IL 60603.

"Class Member" means any Person who is a member of the Classes and who does not validly and timely Opt Out.

"Class Period" means the time period from June 5, 2016, to the date of the filing of the Complaint.

"Court" means the United States District Court for the Northern District of Illinois, Eastern Division.

"Defendant" means Midwest Recovery Systems, LLC, a limited liability company formed under the laws of the State of Missouri.

"FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. § 692 *et seq.*

"Final Approval Hearing" means the hearing during which the Court will determine whether to enter the Final Order and Judgment.

"Final Order and Judgment" means the order and form of judgment approving this Agreement and dismissing the Lawsuit with prejudice.

"ICAA" means the Illinois Collection Agency Act, 225 ILCS § 425/1 *et seq.*

"Person" or "Persons" means, without limitation, any natural persons, firms, corporations, limited liability companies, joint ventures, joint stock companies, unincorporated organizations, agencies, bodies, governments, political subdivisions, governmental agencies and

authorities, associations, partnerships, limited liability partnerships, trusts, and their predecessors, successors, administrators, executors, heirs and assigns.

"Preliminary Approval Hearing" means the hearing during which the Court determines whether to enter the Order of Preliminary Approval.

## TERMS AND CONDITIONS

1. <u>Settlement Payments</u>

1.1 No later than thirty (30) days after the date of entry of the Order of Preliminary Approval, Defendant shall pay the sum of Twenty-Two Thousand Five Hundred Dollars ($22,500.00) into an escrow account overseen by a Settlement Administrator jointly selected by the Parties (the "Submitted Claim Fund") and treated as a payment to a Qualified or Designated Settlement Fund under I.R.C. § 468B and the regulations or proposed regulations promulgated thereunder (including without limitation Treasury Reg. 1.468B-1-5 or any successor regulation). The aforementioned settlement amount shall be for payments to Class Members, including the Representative Plaintiff.

1.2 No payments to any Class Member shall be made by the Settlement Administrator until after the Effective Date (defined in Paragraph 11 below). No later than thirty (30) days after the Effective Date, payment to Class Members shall be made as follows:

> The Settlement Administrator shall take the actual damages settlement amount ($15,045.00) plus any accrued interest thereon, and distribute the monies to all subclass Members based upon the amount they paid to Defendant according to Defendant's records, where class notice was not returned as undeliverable, who have not executed a timely Opt Out in the manner provided in this Agreement and accompanying settlement documents. The Settlement Administrator shall take the statutory damages settlement amount ($6,455) and distribute it to all class members who timely submit a claim form.

1.3 If the Final Order and Judgment is set aside or reversed, in whole or in part, for any reason, then at such time as the time for any appeal from the final order of set aside or reversal has elapsed with no notice of appeal having been filed, all funds in the escrow account, including interest accumulated, shall be returned to Defendant.

2. <u>Attorneys' Fees and Costs</u>

Class Counsel shall apply to the Court for an award of attorneys' fees and costs for all work performed on behalf of class and subclass (including work performed through the Effective Date), not to exceed the sum of Seventeen Thousand Dollars ($17,000.00), which application Defendant agrees not to oppose. Defendant shall pay such attorneys' fees and costs in the amount awarded by the Court, not exceeding such unopposed amount. This payment shall be made to Class Counsel no later than thirty (30) days after the Effective Date.

3. <u>Representative Plaintiff Payment</u>

Class Counsel shall apply to the Court for an award for the Representative Plaintiff in the Lawsuit in the amount of One Thousand Dollars ($1,000.00), which shall be paid out of the $22,500.00 settlement fund and which Defendant agrees not to oppose.

4. Cy Pres

If any portion of the Submitted Claim Fund remains 30 days after the void date on the Class Members' checks, such funds will be distributed as a *cy pres* award to LAF (formerly the Legal Assistance Foundation) 120 S. LaSalle Street, Ste. 900, Chicago, IL 60603.

5. Order of Preliminary Approval

Pursuant to Fed. R. Civ. P. 23(e), the Parties shall jointly submit this Agreement to the Court at the Preliminary Approval Hearing requesting the Court's Order of Preliminary Approval of the Agreement, conditional certification of settlement class and subclass, appointment of Class Counsel, approval of mailed notice, and entry of the Preliminary Approval Order staying any activities in the Lawsuit, except for activities related to the approval of this settlement.

6. Notice and Settlement Administration

6.1 Defendant will instruct the settlement administrator that the notice to the Classes be mailed no later than thirty (30) days after the date on which the Preliminary Approval Order is entered by the Court.

6.2 Defendant shall pay the reasonable costs of the notice program and settlement administration, including mailing costs of the mailed notice.

6.3 Names and addresses of putative Class Members shall be identified on the basis of Defendant's records produced during discovery in the Lawsuit for the mailed notice. Class Counsel shall provide the class list to the Settlement Administrator no later than 15 days after the Preliminary Approval Order is entered by the Court. Settlement Administrator shall mail the notice, by first class mail, to each Class Member's address as identified by Defendant's records. Class administrator shall forward any returned mail for which a new address is provided. The parties shall not be responsible for searching for new addresses for any notices returned "undeliverable."

6.4 Upon the filing of this Agreement with the Court, Defendant shall promptly comply with 28 U.S.C. § 1715 in the manner and within the time frame prescribed by that statute.

7. Opt Outs, Objections and Final Approval

7.1 The Parties shall request that the Opt Out and Objection Deadline be forty-five (45) days after the notices are mailed. Putative Class Members have the right to exclude themselves or Opt Out from this settlement and from the Classes by timely submitting a request to Opt Out in accordance with the Opt Out and Objection procedure approved by the Court. Putative Class Members who properly request to Opt Out shall be excluded from this settlement and from the Classes. Within ten (l0) days after the Opt Out and Objection Deadline, the

Settlement Administrator shall furnish the Parties with a complete list of all properly submitted Opt Out requests. Any Putative Class Member who does not properly request to Opt Out shall be deemed a Class Member and shall be bound by the terms of this Agreement as well as the Final Order and Judgment. Any Putative Class Member who timely submits a request to Opt Out shall have until the date of the Final Approval Hearing to deliver to Class Counsel a written revocation of such request to Opt Out. Class Counsel shall timely apprise the Court of such revocations. In addition, any Class Member who does not properly file a written Objection to the settlement shall be barred from challenging the fairness of the settlement and from seeking review of the settlement by appeal or otherwise.

   7.2 The Parties will request that the date of the Final Approval Hearing be no later than ninety (90) days after the date that notices are mailed. The Parties will cooperate to prepare for the Final Approval Hearing.

   8. <u>Release, Covenant Not to Sue and Bar Order</u>

   8.1 Upon the Effective Date, the Representative Plaintiff and all Class Members, including their respective current and former officers, directors, employees, heirs executors, administrators, agents, legal representatives, professional corporations, partnerships, assigns and successors, but only to the extent their claims are derived from the claims of Class Members (collectively, the "Releasing Parties"), shall forever release and discharge all claims, including any and all claims, rights and liabilities of any nature, including but not limited to actions, claims, demands, causes of action, obligations, damages, debts, charges, attorneys' fees, costs, arbitrations, forfeitures, judgments, indebtedness, liens and losses of any kind, source or character whether arising out of federal or state law (including but not limited to the FDCPA and ICAA), asserted in the Lawsuit, or arising from the claims asserted in the Lawsuit or addressed in this Agreement, whether any such claim was or could have been asserted by any Releasing Party on its own behalf or on behalf of other Persons (the "Released Claims"), against Defendant and any of its former, present, and future assigns, predecessors, successors, affiliates, parent companies, subsidiaries, controlled companies, insurers, employees, officers, directors, and agents (in their capacities as such) (collectively, the "Released Parties").

   8.2 The Releasing Parties and each of them agree and covenant to the maximum extent permitted by law not to sue or cooperate in the filing or prosecution of any suit or proceeding, in any forum based upon or related to any Released Claims against any Released Party. Notwithstanding any other provision of this Agreement, nothing in this Agreement shall limit or preclude the Releasing Parties' rights to enforce any provision of this Agreement.

   8.3 The Parties intend that this Agreement eliminate all further risk and liability of the Released Parties relating to the Released Claims, and accordingly agree that the Court shall include in the Final Order and Judgment a Bar Order Provision as follows:

> The Releasing Parties are permanently enjoined from (i) filing, commencing, prosecuting, intervening in, participating in or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on any or all Released Claims against one or more Released

Parties; (ii) instituting, organizing class members in, joining with class members in, amending a pleading in or soliciting the participation of class members in, any action or arbitration, including but not limited to a purported class action, in any jurisdiction against one or more Released Parties based on, involving or incorporating, directly or indirectly, any or all Released Claims; and (iii) filing, commencing, prosecuting, intervening in, participating in or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on an allegation that an action of the Released Parties (in their capacities as such), which is in compliance with the provisions of the Agreement, violates any right of any Class Member.

8.4     Defendant's clients reserve the right to pursue any debt(s) allegedly owed by Class Members to Defendant's clients. Class Members retain all defenses they may have concerning the alleged debt(s), except that they may not assert a defense or Counterclaim based upon the Released Claims. The aforesaid, alleged debt(s) are not part of this Agreement.

9.     Dismissals

(This will be included in the Final Approval Order in terms compatible with those in the definition of "Final Order and Judgment" hereinabove.)

10.     Right to Terminate this Agreement

10.1     If the Court does not grant the stay and injunctions as provided in this Agreement, either party may, in its sole and absolute discretion, terminate its participation in this Agreement by delivering a notice of termination to the other Parties within forty-five (45) days following the Preliminary Approval Hearing.

10.2     If the number of putative Class Members submitting Opt Out requests exceeds one-third of the total number of putative Class Members, Defendant may with an Order from the court terminate its participation in this Agreement by delivering a notice of termination to the other Parties within ten (10) days of receipt of the complete list of Opt Out requests from the Settlement Administrator.

10.3     If the Court has not entered the Final Order and Judgment by one hundred eighty (180) days after the date of entry of the Order of Preliminary Approval, either party may with an Order from the Court terminate its participation in this Agreement by delivering a notice of termination to the other Parties within two hundred (200) days after the date of entry of the Preliminary Approval Order.

10.4     If any party terminates this Agreement pursuant to this Paragraph 10 or Paragraph 12 of this Agreement, this Agreement shall be of no force or effect and all rights and defenses of the Parties shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed.

11.     Effective Date

If the Final Order and Judgment is entered by the Court and the time for appeal has elapsed with no notice of appeal having been filed, the "Effective Date" shall be the next business day after the last date on which notice of appeal could have been timely filed.

If the Final Order and Judgment is entered and an appeal is filed, the "Effective Date" shall be the next business day after the Final Order and Judgment is affirmed, all appeals are dismissed, and no further appeal to, or discretionary review in, any court remains.

12. <u>Termination Date</u>

The Termination Date of this Agreement shall be the earliest to occur of (i) a Party's termination of this Agreement pursuant to Paragraph 10 above, or (ii) the Final Order and Judgment is not affirmed on any appeal or discretionary review, and no further appeal to, or discretionary review in, any court remains. As of the Termination Date, the provisions of this Agreement shall immediately become void and of no further force and effect, except for Paragraph 21, and there shall be no liability under this Agreement on the part of any of the Parties.

13. <u>Entire Agreement</u>

This Agreement contains an entire, complete and integrated statement of each and every term and provision agreed to by and among the Parties. It is not subject to any condition not provided for herein. This Agreement supersedes any prior agreements or understandings, whether written or oral, between and among the Parties regarding the Lawsuit or this Agreement. This Agreement shall not be modified in any respect except by a writing executed by Class Counsel and Defendant.

14. <u>No Presumption Against Drafter</u>

This Agreement was drafted with substantial input by all Parties and their counsel, and no reliance was placed on any representations other than those contained herein. The Parties agree that this Agreement shall be construed by its own terms, and not be referring to, or considering, the terms of any other settlement, and not by any presumption against the drafter.

15. <u>Captions and Headings</u>

The use of captions and headings in this Agreement is solely for convenience and shall have no legal effect.

16. <u>Continuing Jurisdiction and Exclusive Venue</u>

Except as otherwise provided in this Agreement, it is expressly agreed and stipulated that the Court shall have exclusive jurisdiction and authority to consider, rule upon, and issue a final order with respect to suits, whether judicial, administrative or otherwise, which may be instituted by any Person, individually or derivatively, with respect to this Agreement.

Except as otherwise provided in this Agreement, each Class Member hereby irrevocably submits to the exclusive jurisdiction and venue of the court for any suit, action, proceeding, case, controversy or dispute relating to this Agreement.

If to Defendant:

Scott D. Levine, Esq.
Michael M. Godsy, Esq.
AEGIS Law
601 S. Lindbergh Blvd.
Frontenac, MO 63131

All notices shall be measured by the date of mailing.

SO AGREED:

TYANNA QUALLS
Representative Plaintiff

By: _____
    Tyanna Qualls

DANIEL A. EDELMAN, ESQ.
Class Counsel

By: _____
    Daniel A. Edelman, Esq.

MIDWEST RECOVERY SYSTEMS, LLC
Defendant

By: _____
    Kenny Conway, CEO