# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TYANNA QUALLS, | ) | |
| on behalf of plaintiff and the | ) | |
| class members described below, | ) | 17-CV-4237 |
| and PEOPLE OF THE STATE OF | ) | |
| ILLINOIS EX REL TYANNA QUALLS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MIDWEST RECOVERY SYSTEMS, LLC; | ) | |
| | ) | |
| Defendant. | ) | |

## FINAL APPROVAL ORDER

**WHEREFORE**, it appearing to the Court that:

A. On June 15, 2018, this Court entered a Preliminary Approval Order which, among other things, preliminarily and conditionally certified this lawsuit to proceed as a class action for settlement purposes only, defined the Settlement Classes, appointed Class Counsel and a Settlement Administrator, preliminarily approved the proposed Settlement Agreement ("Agreement") which would be binding on the Settlement Classes, provided for notice to the Settlement Classes including an opportunity for Settlement Class members to object to the proposed Agreement, and scheduled a hearing ("Final Hearing") for September 25, 2018, to consider any objections and to determine whether the proposed settlement is fair, reasonable, and adequate.

B. In accordance with the Court's Preliminary Approval Order, on July 16, 2018, actual notice was sent by First Class U.S. Mail, with a request for forwarding addresses to each Class Member whose address could be identified.

1

C. On September 25, 2018, in accordance with the Preliminary Approval Order and Fed. R. Civ. P. 23(e)(2), counsel for the Parties appeared for the Final Fairness Hearing to determine whether the action satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

D. The Class Members were given an opportunity to object to the settlement. No persons appeared in Court seeking to address the proposed settlement.

E. The Parties now request final certification of the Settlement Classes under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed Agreement; and

F. The Court has read and considered the Agreement, Final Approval Memorandum, Plaintiff's Petition in Support of an Award of Class Counsel's Fees and Costs, and record, and the Court being duly advised in the premises, and for good cause shown.

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. This Final Order incorporates by reference the definitions in the Agreement, and all defined terms used herein will have the same meanings as set forth in the Agreement.

2. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

3. The Court confirms its certification in the Preliminary Approval Order of this lawsuit as a class action for settlement purposes only and, in accordance with Fed. R. Civ. P. 23(b)(3), defines the "Settlement Class" as:

>    a. (a) all individuals with Illinois addresses (b) from whom Defendant sought to collect a loan (c) by communication with the individual and/or a credit bureau (d) where any such activity occurred on or after June 5, 2016.

      b.    Subclass: All individuals in the above class who paid money to Defendant.

4. The Court finds that certification solely for settlement purposes is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy. With respect to the Settlement Class, this Court finds that certification is appropriate under Fed. R. Civ. P. 23(a) and (b)(3).

5. Tyanna Qualls is designated as a representative of the Settlement Class.

6. Edelman, Combs, Latturner & Goodwin, LLC are appointed as Class Counsel.

7. No objections have been filed or received by the Settlement Administrator or Class Counsel. There have been no requests to opt out of the settlement.

8. The Parties' notice plan as set forth in the Agreement, including the notice mailed to Class Members, satisfied the requirements of Fed. R. Civ. P. 23, constitutional due process, and constituted the best notice practicable under the circumstances.

9. The notifications required by the Class Action Fairness Act under 28 U.S.C. § 1715(b) have been provided.

10. The settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and

delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

11. The Court approves the disbursement of the Settlement Fund as provided for in the Agreement and directs that the Settlement Administrator disburse the payments in accordance with the terms of the Agreement.

12. The Court approves the award of attorneys' fees and costs to Class Counsel, in the amount of $17,000.00, to be fair and reasonable. This amount is to be paid by Defendant on October 26, 2018.

13. The Court approves the award of $1,000.00 to Plaintiff Tyanna Qualls for her statutory damages and her services to the Class. The Court finds that this payment is justified by the Class Representative's service to the Settlement Class. This amount is to be paid from the Settlement Fund on November 26, 2018.

14. The Court allows the 1 late valid claim.

15. The Settlement Administrator shall send W-9 forms and request letters to the 13 Class Members whose claims exceed $599.99 by October 02, 2018.

16. Of those 13 Class Members, those who return a completed W-9 form within 30 days of the Settlement Administrator sending it shall receive payment in accordance with the provision of this Order and the Parties' Agreement; those who do not return a timely and complete W-9 form shall have their payment reduced to $599.99.

17. The Agreement, which was filed with the Court on June 11, 2018 (*Doc. 39, Ex. A*), is finally approved and will be consummated in accordance with the terms and provisions thereof, except as amended by any subsequent order issued by this Court.

18. Any claims subject to the release in the Agreement are compromised, settled, released, and discharged by virtue of these proceedings and this Order.

19. The Court permanently enjoins and restrains all Class Members who did not request to be excluded from the Classes from (a) commencing, prosecuting, intervening in or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on any or all Released Claims against one or more Released Parties; (b) instituting, organizing class members in, joining with class members in, amending a pleading in or soliciting the participation of class members in, any action or arbitration, including but not limited to a purported class action, in any jurisdiction against one or more Released Parties based on, involving or incorporating, directly or indirectly, any or all Released Claims; and (c) filing, commencing, prosecuting, intervening in, participating in or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on an allegation that an action of the Released Parties (in their capacities as such), which is in compliance with the provisions of the Agreement, violates any right of any Class Member

20. The Settlement Administrator shall distribute the Submitted Claim Fund to the Class Members in accordance with the provision of this Order and the Parties' Agreement, by November 26, 2018.

21. Class Counsel or the Settlement Administrator shall make the *cy pres* payment to LAF thirty (30) days after expiration of the void date on the Class Members' checks.

22. Class Counsel and/or the Settlement Administrator shall file an affidavit of final account thirty (30) days after the *cy pres* payment has been made.

23. Class-Settlement.com shall be the Settlement Administrator to make claim payments.

24. A hearing on the final accounting of the settlement and for entry of dismissal order is set for April 9, 2019 at 11:00am.

25. The parties are ordered to comply with the terms of the Agreement.

**IT IS SO ORDERED:**

*/s/ Joan N. Lefkow*

HONORABLE JUDGE JOAN H. LEFKOW

United States District Judge

Dated:

9/26/2018